**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JONATHAN BELFORT,

    Plaintiff

v.

BRIAN FARMER, et al.,

    Defendants

Case No.: 3:26-cv-00002-MMD-CSD

**Order**

Re: ECF No. 18

Plaintiff has filed a motion requesting the Clerk's entry of default as to Brian Farmer and Chad Giesinger pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 18.) Farmer and Giesinger have specially appeared to oppose the motion, arguing that they have not been properly served with the summons and complaint. (ECF No. 20.) Plaintiff filed a reply. (ECF No. 21.)

**I. BACKGROUND**

Plaintiff filed a first amended complaint on February 9, 2026, against Washoe County, Code Enforcement Officer Brian Farmer, Planning and Building Manager Chad Giesinger, and Administrative Hearing Officer Elizabeth Webb Beyer. (ECF No. 7.)

On February 19, 2026, Plaintiff filed a declaration of service indicating that Giesinger and Farmer were served by leaving the summons and complaint with Paola Agramon, Office Specialist, in the Building and Planning Department, on February 12, 2026. (ECF No. 12.)

On March 9, 2026, Plaintiff filed this motion requesting the Clerk's entry of default as to Farmer and Giesinger pursuant to Rule 55(a), arguing that they were served on February 12, 2026, and have not answered or otherwise defended this action. (ECF No. 18.)

Farmer and Giesinger have specially appeared to oppose this motion, arguing that they have not been properly served with the summons and complaint.

## II. DISCUSSION

Farmer and Geisinger are sued in their individual and official capacities.

An individual is served by following state law for service on an individual or by delivering a copy of the summons and complaint to the individual personally; leaving a copy at the individual's dwelling with someone of suitable age and discretion; or delivering a copy to an agent authorized to receive service of process on behalf of the individual. Fed. R. Civ. P. 4(e).

Nevada law similarly provides that an individual is properly served by using any of these same methods. Nev. R. Civ. P. 4.2(a).

Plaintiff did not deliver a copy of the summons and complaint to Farmer or Geisinger personally. Nor did he leave a copy of the summons and complaint at their dwelling. Moreover, Paola Agramon is not authorized to accept service on behalf of Farmer or Geisinger. (Geisinger Decl., ECF No. 20-1; Farmer Decl., ECF No. 20-2.) Therefore, Plaintiff has *not* properly served Farmer or Geisinger in their individual capacities.

Insofar as Farmer and Geisinger are sued in their official capacities, the suit is essentially one against Washoe County. Washoe County is properly served by delivering a copy of the summons and complaint to the chief executive officer or by following state law for service on the county. Fed. R. Civ. P. 4(j)(2). Under Nevada law, a county is served by delivering a copy of the summons and complaint to the presiding officer of the governing body or agent designated by the presiding officer to receive service of process. Nev. R. Civ. P. 4.2(d)(3).

There is nothing in the record to indicate that Plaintiff properly served Farmer or Geisinger in their official capacities in compliance with Federal Rule of Civil Procedure 4(j)(2) or Nevada Rule of Civil Procedure 4.2(d)(3).

As Plaintiff has not properly served Farmer or Geisinger in either their individual or official capacities, the Clerk's entry of default is not appropriate. *See e.g. Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment void where defendant not properly served); *Olson v. Nevada,* No. 3:23-cv-00513-ART-CLB, 2025 WL 1211037, at *1 (D. Nev. Apr. 25, 2025).

### III. CONCLUSION

Plaintiff's motion for entry of Clerk's default as to Farmer and Giesinger (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 8, 2026

_____
Craig S. Denney
United States Magistrate Judge

3