# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JONATHAN BELFORT,

    Plaintiff

v.

BRIAN FARMER, *et al*,

    Defendants

Case No.: 3:26-cv-0002-MMD-CSD

**Order**

Re: ECF Nos. 60, 64

Before the court is Defendants' (Washoe County, Brian Farmer, and Chad Giesinger) motion to stay discovery pending resolution of their motion to dismiss. (ECF No. 60.) Defendant Elizabeth Webb Beyer filed a joinder to the motion (ECF No. 64.)  Plaintiff filed a response. (ECF No. 65.) Defendants filed a reply. (ECF No. 68.)

## I. BACKGROUND

Plaintiff Jonathan Belfort filed this 1983 civil rights action against Defendants, asserting a violation of his right to procedural due process. (ECF No. 7.) The action appears to be Plaintiffs' appeal to challenge administrative proceedings and a code enforcement penalty for Plaintiff's real property that was issued on July 11, 2024.  Defendants have filed a motion to dismiss this action, arguing Plaintiff's lawsuit is an improper appeal of decisions by local and state tribunals.  Defendants also argue that they are entitled to qualified immunity and quasi-judicial immunity.   Plaintiff only alleges discovery is necessary for this lawsuit.

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil

Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Under the "preliminary peek" approach, courts look at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id*. (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted). "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

First, the court finds the pending motion is potentially dispositive of all of Plaintiff's claims in this court. Second, the court concludes the motion to dismiss can be decided without additional discovery. Finally, the court has taken a "preliminary peek" at the motion to dismiss, and is convinced that it will be successful, and this action will be dismissed.

First, Defendants appear to be correct that this court should not invoke federal jurisdiction over this action under the *Colorado River* and *Rooker-Feldman* doctrines.

Under the *Colorado River* doctrine[1], the Court can decline to exercise jurisdiction in cases like this where there are ongoing parallel state court proceedings. *See Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017). In this action, Plaintiff is challenging decisions made by local tribunals by asserting the same procedural due process issues that he asserts in his two petitions for judicial review that were filed in state district court in Washoe County. (ECF No. 33 at 13). Due to the ongoing state court proceedings on the code enforcement penalties, this Court will be likely to refrain from exercising jurisdiction over this case.

Under the *Rooker-Feldman* doctrine[2], federal district courts do not have the authority to hear appeals of state court decisions. *See Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998).  Plaintiff's federal action appears to be an attempt to appeal and challenge decisions made by state and local tribunals involving the administrative proceedings and code enforcement penalty issued on July 11, 2024. (ECF No. 33 at 15-17). Essentially, Plaintiff seeks to have the federal court undo the state court judgment.

It appears Defendants also may be entitled to qualified immunity or quasi-judicial immunity in this case. For example, Defendant Beyer was the hearing officer at Plaintiff's

---

[1] *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Only in exceptional circumstances will federal courts decline to exercise federal jurisdiction in deference to pending, parallel state action.  The Ninth Circuit considers the following factors for stay or dismissal of federal action: which court first assumed jurisdiction; inconvenience to federal forum; desire to avoid piecemeal litigation; order in which forums obtained jurisdiction; whether federal or state law provides rule of decision on merits; whether state court proceedings adequately protect rights of federal litigants; desire to avoid forum shopping; whether state proceedings will resolve all issues before federal court. *See R.R. St. & Co Inc. v. Transp. Ins. Co*. 656 F.3d 966, 978-79 (9th Cir. 2011)

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This doctrine bars federal courts from reviewing or overturning state court judgments. Four conditions include: whether plaintiff lost in state court; the alleged injury arises from state court judgment; the judgment preceded federal suit; and plaintiff seeks reversal of that judgment).

administrative hearing and was serving in a quasi-judicial capacity and would be entitled to immunity from Plaintiff's lawsuit. *See Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999). The court does not analyze issues of qualified immunity for the other defendants in this order based on its above findings as grounds to stay discovery.

Finally, Plaintiff's opposition to Defendants' motion to stay discovery does not even address the legal standard for the motion (the "preliminary peek" test) or Defendants' arguments for a stay of discovery.  Instead, Plaintiff simply argues discovery is "necessary to address factual disputes" in the litigation. (ECF No. 65, p.3.)  Plaintiff's "failure to respond to arguments presented in a motion constitutes consent to granting that motion." *Layton v. Green Valley Village Comm. Ass'n*, 2022 WL 1748067, at *2 (D. Nev. May 27, 2022).

As a result, Defendants' motion to stay discovery is granted.

### III. CONCLUSION

Defendants' motion to stay discovery pending resolution of their motion to dismiss (ECF No. 60) is **GRANTED**. Discovery is stayed pending resolution of the motion to dismiss (ECF No. 33). If an order is entered denying the motion to dismiss, the parties shall file a proposed discovery plan and scheduling order within 21 days of entry of that order.

**IT IS SO ORDERED**.

Dated: July 6, 2026

_____
Craig S. Denney
United States Magistrate Judge

4