UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JONATHAN BELFORT, Plaintiff, v. WASHOE COUNTY, *et al.*, Defendants. | Case No.: 3:26-cv-00002-MMD-CSD ORDER |

## I. SUMMARY

Plaintiff Jonathan Belfort sued Washoe County and three individual Defendants[1] for events arising out of Washoe County's denial of Plaintiff's request to continue "permitting based on prior approvals and fees paid." (ECF No. 7 at 3.) Defendants have filed separate motions to dismiss. (ECF Nos. 33 ("Defendants' Motion"), ECF No. 43 ("Beyer's Motion")[2].)[3] Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 63 ("Motion to Amend")) and numerous other motions. The Court agrees with Defendants that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine and will grant Defendants' Motion, denies Plaintiff's Motion to Amend as amendment would be futile, and denies all pending motions as moot.

///

[1]The First Amended Complaint ("FAC")'s case caption identifies individual Defendants sued in their individual and official capacities: Brian Farmer, Code Enforcement Officer; Chad Giesinger, Planning & Building Manager; and Elizabeth Webb Beyer, Administrative Hearing Officer. (ECF No. 7 at 1.)

[2]Beyer filed her Motion after the Court denied Plaintiff's motion for leave to include her as a defendant as moot, finding that Beyer was identified as a defendant in the FAC. (ECF No. 38.)

[3]Plaintiff filed responses (ECF Nos. 44, 50) and Defendants filed their replies (ECF Nos. 51, 54).

## II. BACKGROUND

The following facts are adapted from the FAC (ECF No. 7). Plaintiff applied for "county permits" which were issued November 28, 2019. (*Id.* at 2.) "Shortly thereafter, Nevada entered a declared COVID-19 emergency." (*Id.* at 3.) "County operations were materially disrupted." (*Id.*) "Plaintiff's projects were delayed by government-imposed restrictions." (*Id.*) "After the emergency period, Plaintiff sought to continue permitting based on prior approvals and fees paid and relied on County representations that permit extensions would be available" (*Id.*) However, Defendants denied continuance and required Plaintiff to re-submit and pay additional fees. (*Id.*)

Defendant Farmer initiated enforcement proceedings while "Plaintiff filed administrative appeals arising from the same enforcement action."[4] (*Id.*) Defendants treated these appeals as a single appeal. (*Id.*) Plaintiff alleges he did not receive timely notice of the County's appeal and did not have a "meaningful opportunity" to challenge the County's appeal "within statutory timeframes." (*Id.*) Plaintiff also alleges other defects with the administrative hearing and records, including that Plaintiff "was excluded from scheduling and administrative communications." (*Id.* at 4.) At the administrative hearing that Defendant Beyer presided, Plaintiff submitted "exhibits and objections" and while his exhibits were "accepted" he alleges they "were not meaningfully reviewed." (*Id.*) Defendants also did not resolve Plaintiff's "jurisdictional and procedural objections." (*Id.*)

In the Motion, Defendants asserted that Plaintiff has challenged the administrative decisions alleged in this action in state court.[5] The first challenge relates to an

---

[4] Further into the FAC, Plaintiff alleges he "filed an appeal on January 2, 2025 for denial of renewal--building permit." (ECF No. 7 at 5.)

[5] Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There are three exceptions to this rule: (1) a court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*,

administrative penalty for storing a recreational vehicle ("RV") and other property without an active building permit.[6] (ECF No. 33 at 3-4.) During the administrative proceedings, the Board of Adjustment ("BOA") affirmed the code enforcement violation and ordered Plaintiff to remove the RV from the property. (*Id.* at 4.) Plaintiff then petitioned for judicial review of the administrative decision in the Second Judicial District Court in Washoe County and the district court dismissed his petition on August 12, 2025. (*Id.* at 4; ECF No. 33-7.) The second challenge relates to a second administrative penalty. On November 19, 2025, Washoe County issued a second administrative penalty for the same code violation because Plaintiff did not comply with the order to remove the RV from the property (ECF No. 33 at 4.) During the administrative proceedings, the BOA affirmed the hearing officer's finding of a code violation. (*Id.*) Plaintiff then filed a petition for judicial review in the Second Judicial District Court on March 23, 2026. (ECF No. 33 at 4-5; ECF No. 33-13.) That petition was pending as of the filing of the Motion.[7] (ECF No. 33 at 5.)

Plaintiff's FAC alleges claims under 42 U.S.C. § 1983 for violation of procedural due process against all Defendants, violation of due process against Defendant Beyer and *Monell* liability against Washoe County. (ECF No. 7 at 4-5.) Plaintiff's proposed second amended complaint asserts the same claims, though Plaintiff added additional allegations, including that Defendant Beyer was not an employee of Washoe County and that "[m]ultiple Deputy District Attorneys have appeared across related proceedings involving the same facts." (ECF NO. 63 at 8.)

## III. DISCUSSION

Defendants' Motion seeks dismissal under Rule 12(b)(1) and 12(b)(6) of the

---

798 F.2d 1279, 1282 (9th Cir. 1986)). The latter two exceptions apply here. Defendants' Motion provides more specific allegations relating to the permits and proceedings that Plaintiff asserts in the FAC. The Court takes judicial notice of the state court filings (ECF No. 33-7, ECF No. 33-13) which are a matter of public records. Plaintiff's response does not dispute these records or authenticity. (ECF No. 44.)

[6]Plaintiff's last request for renewal of his permit was denied on July 11. 2024. (ECF No. 3.) As Plaintiff alleges, Defendants refused to renew his permit. (ECF No. 7 at 3.)

[7]Plaintiff filed the initial complaint in this case on January 1, 2026. (ECF No. 1.)

Federal Rules of Civil Procedure. (ECF No. 33.) The Court agrees with Defendants that the *Rooker-Feldman* doctrine bars the Court's review and will dismiss this action. Accordingly, the Court finds it unnecessary to address Defendants' other arguments.[8]

Plaintiff challenges Washoe County's decisions relating to his permits. However, Plaintiff sought judicial review of one administrative order which was dismissed; and a second petition for judicial review remains pending. (ECF Nos. 33-7; 33-13) In this action, Plaintiff in gist seeks to appeal the state court's decision. The *Rooker-Feldman* doctrine bars the Court from making such a de facto appeal of a state court judgement. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).[9] This doctrine applies whenever "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Where a plaintiff's requested relief would constitute a reversal or "undoing of the prior state court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003). Due process challenges of the decisions in the administrative and state court proceedings, like the claims alleged here, implicate the *Rooker-Feldman* doctrine. See *T. M. v. Univ. of Md. Med. Sys. Corp.,* No. 25-197, 2026 WL 1751823, at *7 (U.S. June 18, 2026) (finding a due process challenge to a state court consent order in federal district court constituted a request for relief from a state-court judgement and was barred by the *Rooker-Feldman* doctrine); *see also Sliger v. Caramella*, No. 3:25-CV-00385-MMD-CSD, 2026 WL 1679291, at *2 (D. Nev. June 10, 2026) (finding a due process challenge to a state court's

[8] Defendants' Motion argues for dismissal under the *Colorado River* doctrine and failure to state a claim, along with qualified immunity as to Defendants Giesinger and Farmer. (ECF No. 33 at 7-15, 17-19.) Defendant Beyer's Motion argues that she is entitled to absolute quasi-judicial immunity and qualified immunity, and failure to state a claim. (ECF No. 43.)

[9] Federal review of a state court judgement is only possible by filing a petition for writ of certiorari with the Supreme Court of the United States. *See Feldman*, 460 U.S. at 482; *T. M. v. Univ. of Md. Med. Sys. Corp.,* No. 25-197, 2026 WL 1751823, at *6 (U.S. June 18, 2026).

custody determination constituted a "de facto challenge to a state-court judgement" and was therefore barred under the *Rooker-Feldman* doctrine). For these reasons, the Court finds that it lacks jurisdiction over this action and will grant Defendants' Motions.

Plaintiff's Motion to Amend does not cure this jurisdictional defect. As discussed, the proposed second amended complaint adds additional facts—including allegations about the number of deputy district attorneys involved and the fact that Defendant Beyer is not employed with Washoe County—that are immaterial to the Court's application of the *Rooker-Feldman* doctrine. Amendment would thus be futile. Accordingly, the Court denies Plaintiff's Motion to Amend.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 33) is granted for lack of jurisdiction.

It is further ordered that Defendant Beyer's motion to dismiss (ECF No. 43) is denied as moot.

It is further ordered that Plaintiff's motion for leave to file an amended complaint (ECF No. 63) is denied as amendment would be futile.

It is further ordered that all pending motions (ECF Nos. 59, 62, 83, 85, 86, 88, 89) are denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 6th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE